| | |
|---|---|
| DISTRICT COURT, EL PASO COUNTY, COLORADO<br><br>Court Address:   270 South Tejon<br>                           Colorado Springs, CO 80903 | DATE FILED: May 30, 2017 8:54 AM<br>FILING ID: 2BFA1674E09B4<br>CASE NUMBER: 2017CV31380 |
| Plaintiff:    Glee L. Hellenschmidt and Mark A. Hellenschmidt<br><br>v.<br><br>Defendant:  State Farm Mutual Automobile Insurance Company | ▲COURT USE ONLY▲ |
| Attorney for the Plaintiff's<br>Patricia A. Meester, #29523<br>DezaRae D. LaCrue, #40290<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, Colorado 80014<br>Phone Number:  303-757-3300<br>Fax Number:     303-757-3302<br>E-Mail:             meesterp@fdazar.com<br>                         lacrued@fdazar.com | Case Number:<br><br>Division/Ctrm: |
| **COMPLAINT** | |

      COMES NOW Plaintiff, Glee L. Hellenschmidt and Plaintiff Mark A. Hellenschmidt, by and through their attorneys, Franklin D. Azar and Associates, P.C., Patricia A. Meester and DezaRae D. LaCrue, for their Complaint against the Defendant State Farm Mutual Automobile Insurance Company, states and alleges as follows:

**GENERAL ALLEGATIONS**

1.    Plaintiff Glee L. Hellenschmidt (hereinafter "Mrs. Hellenschmidt) is an individual and resident of the County of El Paso, State of Colorado.

2.    Plaintiff Mark A. Hellenschmidt (hereinafter "Mr. Hellenschmidt) is an individual and resident of the County of El Paso, State of Colorado.

Ex. A

3.    Defendant State Farm Mutual Automobile Insurance Company (hereinafter "Defendant State Farm) is a corporation doing business in the State of Colorado, with its registered agent listed as Corporation Service Company located on 1560 Broadway, Suite 2090, Denver, Colorado 80202.

4.    Venue is proper herein pursuant to C.R.C.P. 98.

5.    This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124.

6.    On July 6, 2015, Mr. Hellenschmidt was operating his Silver, 2005 Honda Pilot while traveling northbound on Highway 115 at approximately 35 miles per hour.

7.    Mrs. Hellenschmidt was a passenger of the Silver, 2005 Honda Pilot operated by Mr. Hellenschmidt on July 6, 2015.

8.    On July 6, 2015 Leroy Kessler, an under-insured motorist, was operating a White, 2000 Honda Passport while traveling southbound on highway 115.

9.    At approximately 4:40 pm on July 6, 2015, Mr. Kessler lost control of his motor vehicle, rotating clockwise into oncoming traffic striking Mr. and Mrs. Hellenschmidt's vehicle on the front left side.

10.   Immediately after the collision with Mr. and Mrs. Hellenschmidt, Mr. Kessler collided with an additional vehicle.

11.   Officer Dean Enright from the Colorado State Patrol investigated the collision on July 6, 2015 and determined Mr. Kessler was the sole cause of the incident. Mr. Kessler was cited for careless driving.

12.   Mr. Kessler violated his care of duty to effectively and responsibly operate his motor vehicle, causing damage to Mr. and Mrs. Hellenschmidt on July 6, 2015.

13.   Mr. and Mrs. Hellenschmidt were not negligent on July 6, 2015.

14.   No third party caused or aided in the causation of the collision or Mr. and Mrs. Hellenschmidt's injuries, damages, or losses.

15.   At the time of the collision Mr. Hellenschmidt was insured with Defendant State Farm who's policy included underinsured motorist coverage.

16.   Defendant State Farm was promptly notified of the above mentioned accident and claims associated with it.

**Ex. A**

17. Plaintiffs provided State Farm with Authorization to obtain information as requested by State Farm.

18. On August 22, 2016, Plaintiff Mark Hellenschmidt provided State Farm with accident related medical expenses of $65,825.38 and records supporting same.

19. On August 22, 2016, Plaintiff Glee Hellenschmidt provided State Farm with accident related medical expenses in the amount of $33,800.19 and records supporting same.

20. On August 31, 2016, State Farm acknowledged receipt of the above referenced medical records and bills.

21. On October 5, 2016, State Farm offered $79,500.00 to settle Mark Hellenschmidt's claim.

22. On October 5,2 016, State Farm offered Glee Hellenschmidt $10,000.00 to settle her claim.

23. As part of these settlement offers, State Farm improperly offset Plaintiff's Medical Payments coverage of $10,000.00.

24. On January 11, 2017, Plaintiffs requested State Farm explain their offer.

25. On January 11, 2017, Plaintiffs requested State Farm reconsider the improper medical payments offset.

26. On January 11, 2017, Plaintiffs requested State Farm explain why no payment of benefits had been made to them.

27. State Farm did not respond to Plaintiff Glee Hellenschmidt's January 11, 2017 correspondence.

28. State Farm did not respond to Plaintiff Mark Hellenschmidt's January 11, 2017 correspondence.

29. On March 10, 2017, Plaintiffs faxed a letter to State Farm asking for a response to their January 11, 2017 correspondence and again asked why no benefits had been paid to date.

30. State Farm did not respond to Plaintiff Glee Hellenschmidt's March 10, 2017 correspondence.

**Ex. A**

31. State Farm did not respond to Plaintiff Mark Hellenschmidt's March 10, 2017 correspondence, other than to send a letter pertaining to a different person.

32. State Farm has failed and refused to pay any benefits owed to Plaintiffs under the policy of insurance.

33. Defendant State Farm's offer failed to consider Mr. and Mrs. Hellenschmidt's totality of medical expenses, damages, and losses.

34. Defendant State Farm had a duty to promptly investigate the underinsured motorist claim arising from the July 6, 2015 collision.

35. Defendant State Farm has delayed and/or denied payment of the benefits owed to Mr. and Mrs. Hellenschmidt under the underinsured motorist policy.

36. Defendant State Farm has not provided a reasonable basis for the delay and/or denial of either Mr. or Mrs. Hellenschmidt's benefits under the underinsured motorist policy.

## FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT AGAINST DEFENDANT STATE FARM)

37. Mr. and Mrs. Hellenschmidt incorporate all prior allegations as though fully set forth herein.

24. Sometime prior to the accident, Mr. Hellenschmidt, entered into a contract with Defendant State Farm for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving under-insured motorists. At all times pertinent to the within action, all the premiums as required under the contract for insurance were paid to Defendant State Farm.

25. Mr. and Mrs. Hellenschmidt have advised Defendant State Farm of a claim for under-insured motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant State Farm in connection with the claim.

26. Mr. and Mrs. Hellenschmidt are the intended beneficiaries of Defendant State Farm's insurance policy/contract and are therefore entitled to enforce its terms.

27. Mr. and Mrs. Hellenschmidt are entitled to be compensated by Defendant State Farm for all damages they have incurred, including pain, suffering, lost of enjoyment of life, loss of earnings and/or earning capacity, permanency and/or impairment, and disability, under the under-insured motorist coverage of the policy.

## SECOND CLAIM FOR RELIEF
### (FIRST PARY STATUTORY CLAIM UNDER C.R.S. § 10-3-1116)

14.     Mr. and Mrs. Hellenschmidt incorporate all prior allegations as though fully set forth herein.

15.     Defendant State Farm has denied and delayed payment of under-insured motorist benefits to Mr. and Mrs. Hellenschmidt without a reasonable basis for its action.

16.     Defendant State Farm's unreasonable position and conduct has caused Mr. and Mrs. Hellenschmidt damages by the loss of the compensation that is due to them and which Defendant State Farm should have previously paid.

17.     In accordance with C.R.S. §10-3-1116, Mr. and Mrs. Hellenschmidt are entitled to recover from Defendant State Farm two times the covered under-insured motorist benefits plus reasonable attorney's fees and court costs.

## THIRD CLAIM FOR RELIEF
### (BAD FAITH)

18.     Mr. and Mrs. Hellenschmidt incorporate all prior allegations as though fully set forth herein.

19.     Defendant State Farm owed Mr. and Mrs. Hellenschmidt a duty to act in good faith in reviewing, adjusting and settling their claims.

20.     Defendant State Farm breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

   (a)  Compelling this Mr. and Mrs. Hellenschmidt to institute litigation to recover amounts due to them under the under-insured motorist bodily injury liability benefits afforded under the insurance policy;
   (b)  Favoring the interests of Defendant State Farm, an insurer, over those of Mr. and Mrs. Hellenschmidt, an insured and intended beneficiary, to whom Defendant State Farm owes fiduciary and statutory duties;
   (c)  Failing or delaying payment of reasonable compensation for the injuries, damages, and losses Mr. and Mrs. Hellenschmidt suffered at the hands of an under-insured motorist, Mr. Kessler;
   (d)  Failing to provide copies of the policy of insurance in a timely manner when requested;

  (e)  Incompetently investigating Plaintiffs claims
  (f)  Failing to promptly and reasonably communicate with Plaintiffs; and,
  (g)  Incompetently evaluating Mr. and Mrs. Hellenschmidt claims.

21. Defendant American State Farm's actions are unreasonable.

22. Defendant State Farm knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

23. As a direct result of Defendant's breaches of its duties to its insured, Mr. and Mrs. Hellenschmidt have been damaged including, but not necessarily limited to:

  a. Being forced to incur additional costs in litigation;
  b. Enduring the emotional trauma of being unnecessarily involved in a lawsuit with defendant; and
  c. Being deprived of the use of funds that would otherwise be used for such things as medical treatment and for lost wage coverage which should have been paid by now.

  WHEREFORE, Mr. and Mrs. Hellenschmidt pray for judgment against Defendant State Farm for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Mr. and Mrs. Hellenschmidt claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

**PLAINTIFF'S REQUEST A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

  Respectfully, submitted on this 29th day of May, 2017.

         FRANKLIN D. AZAR & ASSOCIATES, P.C.

         By: */s/Patricia A. Meester*
           Patricia A. Meester, #29523
           DezaRae D. LaCrue, #40290
           Counsel for Plaintiff

**Plaintiff's Address:**
**4235 Saddle Rock Road**
**Colorado Springs, Colorado 80918**

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*

**Ex. A**